## UNITED STATES v. TURNER MILK CO.

### No. 1646.

District Court, N. D. Illinois, E. D.

Feb. 8, 1941.

J. Albert Woll, of Chicago, Ill., for plaintiff.

Grablowski & Kanak and Arthur R. Seelig, all of Chicago, Ill., for defendant.

HOLLY, District Judge.

When oral argument was had in this case on the motion of plaintiff to strike defendant's counterclaim and certain portions of defendant's answer, I indicated that Paragraphs 2, 3, 4 and 11 of the second defense, third, fourth, seventh, eighth, ninth and eleventh defenses set forth in the answer should be stricken and directed plaintiff might if it desired strike Paragraph 5 of the complaint. Upon further consideration I am inclined to modify that judgment. In my opinion that portion of Paragraph 3 of the second defense which states that the Secretary of Agriculture failed to procure the approval or consent of producers of milk as required by Section 8c(9), of the Agricultural Marketing Act of 1937, 7 U.S.C.A. § 608c(9), should stand. The order relied upon in this case would be void if the referendum were not had in compliance with the said Section 8c(9) and, upon such referendum, was not approved or favored by at least two-thirds of the producers.

■ Paragraph 4 may also stand. It is the contention of the defendants that all of the milk handled by them is produced and sold in the State of Illinois. Such intrastate transactions may be regulated by Congress "where local and foreign milk alike are drawn into a general plan for protecting the interstate commerce in the commodity from the interferences, burdens and obstructions, arising from excessive surplus and the social and sanitary evils of low values * * *." United States v. Rock Royal Co-operative, 307 U.S. 533, 569, 59 S.Ct. 993, 1011, 83 L.Ed. 1446. The Government must show such neces-

sity. As I have now permitted said paragraph 4 of said defense to stand, probably plaintiff will desire to re-instate paragraph 5 of its complaint.

The portions of paragraphs 3 and 4 of the second defense other than those above mentioned will be stricken.

Paragraphs 5 and 11 of said second defense also will be stricken.

The third, fourth, fifth, sixth, seventh, eighth, ninth and tenth defenses will be stricken. The defendant is entitled to the defense set up in the eleventh defense unless it should appear that the order of the Secretary and application of it to defendant are necessary for the protection of interstate commerce.

Defendant's counter claim will be stricken.

*As to the Motion for Summary Judgment.*

As the pleadings now stand these questions of fact are presented:

(1) Did the Secretary comply with the requirements of the statute with reference to a referendum?

(2) Is the situation such in the Chicago Marketing Area that the Secretary may properly regulate purely intrastate transactions?

(3) Has defendant made the reports required by the Order of the Secretary?

The Government in support of its motion for a summary judgment has presented certain affidavits. The facts set out in the affidavit show that a referendum was had strictly in accordance with the provisions of the statute and that the provisions of the order were approved by 67% of the producers voting in such referendum.

It further appears from the affidavits that approximately 40% of all the milk sold and distributed in the area is produced in the State of Illinois and unless all milk produced for sale in the marketing area, whether or not physically intermingled, is subject to the same regulation as the milk which has crossed state lines on its way into the marketing area, discrimination will result against the milk which has moved in the current of interstate commerce, as such milk will be unable to compete with unregulated milk in the marketing area. Such discrimination would lead to unstable and disorderly marketing conditions and prevent the effectuation of the purpose of the act.

 One question of fact remains. It is alleged in the complaint that the defendant has failed to make the reports required by the order and has made false reports. Those allegations with reference to the reports are specifically denied in the answer. The affidavits presented by defendant tend to support its claim that it has made the reports required and that the reports were true. Here we have a controverted question of fact which prevents the entering of summary judgment as requested by the plaintiff. The case will be set for hearing on this one question.